

**BARNES & THORNBURG LLP**

390 Madison Avenue, FL 12
New York, NY 10017-25099 U.S.A. (646) 746-2000
Fax (646) 746-2001

11 S. Meridian Street
Indianapolis, IN 46204-3535
(317) 236-1313

February 16, 2024

Kathleen L. Matsoukas
317-231-7332
Kathleen.Matsoukas@btlaw.com

**Plaintiff shall file a response, not to exceed three (3) pages, in response to this letter by February 22, 2024.**

**The Clerk of Court is respectfully requested to close ECF No. 40.**

**VIA CM/ECF**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: February 20, 2024
New York, New York

Hon. Dale E. Ho
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 905
New York, NY 10007

RE: *New v. JPMorgan Chase Bank, N.A.*, Case No. 1:23-cv-09371-DEH

Dear Judge Ho:

      This firm represents Defendant JPMorgan Chase Bank, N.A. ("Chase"). Chase respectfully requests an adjournment of the Initial Pretrial Conference scheduled for March 1, 2024 at 10:30 a.m. EST. For the reasons herein, the Initial Pretrial Conference should be adjourned until after the Court decides the threshold forum-related issues presented by Chase's Motion to Dismiss This Case or, Alternatively, To Compel Arbitration or Dismiss Pursuant to Rule 12(b)(6) (the "Motion") (Doc 11). The Motion presents two legal issues regarding whether this Court is the proper forum under the "first-filed rule" and, alternatively, arbitrability of Plaintiff's alleged claims and the delegation of that question to the JAMS arbitrator. Accordingly, in the interests of comity, judicial economy, and efficiency, Chase respectfully requests the conference be adjourned until after the Court has the opportunity to decide these threshold issues of whether this case should be transferred to the Central District of California or compelled to JAMS arbitration. In addition, Plaintiff would not be prejudiced by a brief adjournment of the Initial Pretrial Conference because his claims have *no nexus* whatsoever with New York and there is no urgency, as evidenced by Plaintiff's attempt to first litigate his claims in other jurisdictions (California and Indiana).

      The Motion asserts that under the "first-filed rule" this case is duplicative of the prior federal action *Worldwide Film Productions, LLC v. JPMorgan Chase Bank, N.A., et al.*, Case No. 2:19-cv-10337-DSF, which was pending in the U.S. District Court for the Central District of California. In that first-filed action, District Judge Fischer entered two Orders regarding arbitrability of this dispute and delegation to the JAMS arbitrator. Both Orders are binding on Plaintiff here. *See* Orders, Docs 12-3, 38-1; *see* Doc 12, pp. 9-23 of brief; Doc 37, pp. 4-9 of brief.

      The first-filed rule's primary purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Vyas v. Taglich Bros., Inc.*, 2023 U.S. Dist. LEXIS 161585, at *6 (M.D. Fla. Sept. 12, 2023). Under the rule, this Court has broad discretion to transfer this duplicative case to the U.S. District Court in California that adjudicated the first-filed action. *E.g.*, *GeorgiaCarry.Org, Inc. v. United States Army Corps of Eng'r*, 2015 U.S. Dist. LEXIS 4421, at

February 16, 2024                                                                                                                                    Page 2

\*4-5 (S.D. Ga. Jan. 14, 2015) ("a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the rule, judges are afforded an ample degree of discretion"). Indeed, Plaintiff himself suggested the possibility of transferring this case to the Central District of California. (Doc 25, p.11).

In Plaintiff's February 16, 2024 letter to the Court (Doc 39), counsel cites *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539, 545-46 (E.D. N.Y. 2018) for the proposition that this duplicative case cannot be ***dismissed*** under the first-filed rule because the first-filed California action was recently dismissed. However, this Court retains the discretion to ***transfer*** this duplicative case to the Central District of California. "The dismissal of the first-filed action does not preclude a court from using its discretion to apply the first-filed rule." *E.g.*, *Vyas*, 2023 U.S. Dist. LEXIS 161585, at \*7 (transferring second-filed action to the district court that presided over the first-filed action, even though first-filed action had been dismissed); *MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.*, 2022 U.S. Dist. LEXIS 222649, at \*5 (S.D. Fla. Nov. 8, 2022) (same). "A court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021). "Rather, a court must see if the three pillars supporting the first-to-file rule—economy, consistency, and comity—still warrant a transfer, stay, or dismissal of the subsequently filed action." *Id*. (transferring case to district court that presided over first-filed action even though that action was dismissed). Here, all three pillars warrant transfer to the Central District of California.

This Court thus retains discretion to transfer this duplicative case to the Central District of California even though Judge Fischer has now dismissed the first-filed California action. Given there is no nexus whatsoever between Plaintiff's alleged claims and New York, and the California District Court's prior Orders decide the same questions of arbitrability and delegation under the same Funding Agreement in issue here, this Court in the exercise of its sound discretion can and should transfer this case to the Central District of California. Doing so is wholly consistent with the primary purpose behind this rule as discussed in *Vyas*—avoiding duplication, avoiding rulings which may tread upon the authority of sister courts, and avoiding piecemeal resolution of issues that call for a uniform result. 2023 U.S. Dist. LEXIS 161585, at \*6; *see also MSP Recovery*, 2022 U.S. Dist. LEXIS 222649, at \*9 ("The first-filed rule is intended to prevent inconsistent judgments, and Defendant's attempt to transfer this case…under the first-filed rule furthers that intent.").

Indeed, transfer is warranted "because to do so would avoid the risk of conflicting rulings on preliminary issues such as federal jurisdiction and arbitrability of the claims under the [Funding Agreement]. It would also save judicial resources and serve the interest of justice." *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, 2003 U.S. Dist. LEXIS 26802, at \*16-17 (N.D. Cal. Oct. 14, 2003). Here, as in *Young*, Plaintiff seeks to avoid Judge Fischer's adverse arbitration ruling and to elicit from this Court "a favorable, yet inconsistent, judgment. That very conduct is exactly what the first-to-file rule is intended to prevent." 526 F. Supp. 3d at 707 (finding "that maintaining judicial consistency and federal comity counsels strongly for applying the first-to-file rule," and transferring case to district court that presided over first-filed action that had been dismissed). Allowing Plaintiff to proceed with claims in this forum would invite him to try improperly to relitigate the issues of arbitrability on which Judge Fischer entered two Orders. That is antithetical to the first-filed rule.

In addition, Plaintiff's alleged claims have no nexus with New York. Virtually all of the alleged acts and conduct underlying New's claims in this case allegedly occurred in California and Florida, and the substantial majority of relevant witnesses are located in California. *See* Doc 12-6,

Cal. Am. Compl., at ¶¶ 3-6 (alleging that Chase and Torres committed the alleged tortious acts in California, which are the same alleged tortious acts claimed by New here). Also, the current and former Chase employees and bank branch which are in issue are all located in California. *Id*. In *Vyas*, the district court transferred a subsequent duplicative action to New York where a first-filed action was previously pending. In support of transfer, the district court noted that "the New York Action proceeded for more than a year and a half before the instant case was filed; a substantial majority of the conduct underlying the claims in this case occurred in New York and/or New Jersey; and the vast majority of relevant evidence and witnesses are located in or around New York. These circumstances weigh in favor of applying the rule and transferring this case." *Vyas*, 2023 U.S. Dist. LEXIS 161585, at *12. This Court should reach the same result here, especially since New is not a resident of New York and his choice of forum is entitled to little deference. The Court should transfer this case to the Central District of California pursuant to its sound discretion under the first-filed rule.

In the event this case is not transferred, Chase's Motion also moves to compel arbitration pursuant to (i) the broad arbitration provision in the Funding Agreement that Plaintiff invokes against Chase; and (ii) the binding effect of the California District Court's two Orders that compelled this dispute to arbitration and delegated to the arbitrator questions of who are proper parties to the arbitration. *See* Docs 12-3, 38-1; Doc 12, pp. 9-23 of brief; Doc 37, pp. 4-9 of brief. In its February 12, 2024 Order, the California District Court found that, after it originally compelled the entire dispute to arbitration, the joinder of Rob New (the plaintiff here) as a claimant in the JAMS arbitration would have been permitted under JAMS Comprehensive Rule 6(f). *See* Doc 38-1, p.4. The District Court found, however, that New "made a strategic decision to sue Chase as Worldwide Film. He also made the strategic decision not to add himself as an interested party even when Chase challenged Worldwide Film's standing to sue. The Court finds all these decisions were purely strategic." *Id*. Thus, the District Court determined that New could and should have joined the JAMS arbitration in the several years after the District Court compelled the entire dispute to arbitration, but New strategically declined to do so. This makes clear that New's putative claims in this case are arbitrable and are within the scope of the California District Court's prior Order compelling arbitration for the Arbitrator to decide "who are proper parties." These Orders are binding on New in this case, and his only alternative is JAMS arbitration.

For these threshold reasons, this Court should transfer this case to the Central District of California or compel it to arbitration. Comity, judicial economy, and efficiency support adjourning the Initial Pretrial Conference until after these threshold issues are decided.

Pursuant to the Court's Notice of Initial Pretrial Conference, Chase states: (1) the original date of the Initial Pretrial Conference was January 23, 2024; (2) there was one prior request for adjournment (and a change in date due to Plaintiff's counsel's scheduling conflict); (3) the previous adjournment request was granted; (4) Plaintiff does not consent because he believes the conference should go forward notwithstanding these unresolved issues; and (5) the parties' next scheduled appearance before the Court is March 1, 2024 at 10:30 a.m. EST.

Very truly yours,

*/s/ Kathleen L. Matsoukas*
Kathleen L. Matsoukas
BARNES & THORNBURG LLP

cc:     All Counsel of Record (*via ECF*)

**BARNES & THORNBURG** LLP